Dear Senator Hafer:
You have requested advice on whether the Maryland School for the Blind ("the School") is subject to the State's Open Meetings Law, Maryland Code, State Government Article, §§ 10-501 et seq. For reasons detailed below, it is my view that the School is a private entity and not a "public body" covered by the Open Meetings Law.
Coverage Under the Open Meetings Law
Among the purposes of the Open Meetings Law are to ensure "the accountability of government to the citizens of the State" and to increase "the faith of the public in government." State Government Article, § 10-501(b). The Act's major tenets are that:
 "(1) [P]ublic business be performed in an open and public manner; and
(2) citizens be allowed to observe:
(i) the performance or public officials; and
 (ii) the deliberations and decisions that the making of public policy involves."
§ 10-501(a).
For a government entity transacting public business to be covered by the law, it must be a "public body" which § 10-502(h)(1) defines as an entity that:
"(i) Consists of at least 2 individuals; and
(ii) is created by:
1. the Maryland Constitution;
2. a State statute;
3. a county charter;
4. an ordinance;
5. a rule, resolution, or bylaw;
6. an executive order of the Governor; or
 7. an executive order of the chief executive authority of a political subdivision of the State."
The School: Public or Private?
The Maryland School for the Blind was chartered as a corporation in 1853 by an Act of the General Assembly, with its object being the instruction of the blind. See Chapter 703, Laws of 1853.[1] Although in this law the General Assembly reserved the power to make future amendments or even repeal the charter, the Act authorized the School to establish its own bylaws and to elect its own board of directors.[2]
The School is specifically regulated by a number of provisions of State law. See e.g., Education Article, § 8-303 (requiring School and other education authorities to work together to meet the education needs of blind children); § 8-305 (requiring approval of School's admission and dismissal standards by the State Board of Education); § 8-306 (authorizing State Board to review School's admission and dismissal decisions); § 8-307 (mandating reports to State Board); and § 8-308 (requiring parity in teacher salaries). In addition, the School receives substantial government funding, from the State budget as a State-aided institution, see Maryland State Budget, FY 1996 at II-301, and from the counties pursuant to § 8-309 of the Education Article.
Analysis
An analysis of these factors, and their relevancy makes it clear that the School is a private entity and not a governmental or public body.
First, State regulation of a private entity does not make it a public one. See Blum v. Yartsky, 457 U.S. 991, 1005 (1982); and 68 Opinions ofthe Attorney General 173, 179 (1983). See also A.S. Abell Publishing Co.va. Mezzanote, 297 Md. 26, 35 (1983) (state control is not the determinate factor in classifying an entity as a State agency or instrumentality).
Second, State and local funding is similarly non-determinative. SeeRendell-Baker v. Kohn, 457 U.S. 830, 841 (1982); 68 Opinions of theAttorney General at 179.
Third, while creation by the General Assembly is a relevant factor in determining whether an entity is a governmental agency, see A.S.Abell Publishing Co. v. Mezzanote, 297 Md. at 38 or subject to the Open Meetings Law, § 10-502(h), the School was not "created" by statute to be unit of government. Rather, as the Court of Appeals noted in a similar context in University of Maryland v. Williams, 9 G.J. 365, 398 (1838):
 "The State was not the founder, in the sense of that term as applied to corporations. It was the creator only, by means of the act of incorporation, and may be called the incipient, not the perficient founder." See also 63 Opinions of the Attorney General 106, 109-110 (1970).
It is also noteworthy that in 1853 when the General Assembly chartered the School, special incorporation of private corporations was common and no general incorporation statute existed, see Moberly v. Herboldsheimer,276 Md. 211, 216-17 and 220-21 (1975).
Fourth, the most significant indicator of the School's private status is that its board of directors is self-perpetuating and not selected by the State. See A.S. Abell Publishing Co. v. Mezzanote, 297 Md. at 38.
Finally, the School has been generally recognized as a private not public entity. For example, in an October 17, 1995 presentation to the Senate Budget and Taxation Committee. the Legislative Auditor noted that:
 "It must be recognized that, even though the State contributes over 80% of the School's funding, it has been allowed to operate as a private institution. In this regard, the School was established in 1853 by private citizens, with a charter granted by the State of Maryland. Accordingly, the School may operate in a manner that would be different than a public entity (e.g., provide severance payments to terminated employees)."
And in 60 Opinions of the Attorney General 33, 39 (1975), Attorney General Burch in discussing grants to the Maryland School for the Blind, noted that the School was "an institution which is not an agency of the State, but instead [is] a State-aided education institution."
For all of these reasons, it is my opinion that the Maryland School for the Blind is a private entity and not a governmental or public body subject to the Open Meetings Law.[3] You have also requested a formal opinion of the Attorney General on the issue addressed here and it will be available shortly.
Sincerely,
 Robert A. Zarnoch Assistant Attorney General Counsel to the General Assembly
[1] The School was initially known as the Maryland Institution for the Instruction of the Blind.
[2] The General Assembly has amended this charter in minor ways on at least three occasions. See Chapter 67. Laws of 1856 (increased size of board); Chapter 481, Laws of 1886 (changing name); and Chapter 434. Laws of 1918 (altering quorum requirements).
[3] As you know. Senate Bill 270/House Bill 1113 would establish a State Board of Directors for the Maryland School for the Blind. If the legislation were enacted, the statutory board would be public body subject to the Open Meetings Law.
 *Page 13